UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMITA BHANDARY,<br><br>    Plaintiff,<br><br>    v.<br><br>AGRADOOT GHATAK, et al.,<br><br>    Defendants. | Case No. 25-cv-07208-EKL<br><br>**ORDER DISMISSING AMENDED COMPLAINT**<br><br>Re: Dkt. No. 11 |

On August 26, 2025, self-represented Plaintiff Samita Bhandary filed this action and an application to proceed *in forma pauperis*. *See* ECF No. 1 ("Complaint"), No. 3 ("IFP Application"). In the original complaint, Bhandary alleged that her former spouse, Defendant Ghatak, "concealed evidence, committed perjury, and fraudulently claimed rights in Plaintiff's property" in certain state court proceedings. Compl. ¶ 8. Bhandary alleged that Ghatak's counsel in those proceedings, Defendant Vindiola, "knowingly misrepresented facts, obstructed court review, and controlled property proceeds." *Id.* ¶ 9. Bhandary also alleged that her own counsel in the state court proceedings, Defendant Walsh, "failed to protect [her] rights, colluded with opposing counsel, and blocked [her] court access." *Id.* ¶ 10. Bhandary asserted claims under 42 U.S.C. §§ 1983 and 1985(3).

On September 2, 2025, the Court granted Bhandary's application to proceed *in forma pauperis* and screened the complaint. ECF No. 9 ("Order"). The Court dismissed the complaint, with leave to amend, for failure to state a claim. *Id.* Now before the Court is Bhandary's amended complaint. ECF No. 11 ("Amended Complaint"). The amended complaint asserts the same claims, but adds three new Defendants: Madan Ahuwalia, the Milpitas Police Department, and the Santa Clara County District Attorney. This Order dismisses the amended complaint.

## I. THE COMPLAINT IS DEFICIENT

Section 1915(e)(2) requires the Court to screen complaints filed by persons proceeding *in forma pauperis*. The Court must identify any cognizable claims, and dismiss claims that are frivolous or malicious, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see also Lopez v. Smith,* 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc). For the following reasons, Bhandary fails to state a claim on which relief may be granted.

First, Bhandary asserts a claim under 42 U.S.C. § 1983, which provides a cause of action for the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Ketchum v. Alameda Cnty.*, 811 F.2d 1243, 1245 (9th Cir. 1987). For the following reasons, Bhandary fails to state a Section 1983 claim against any Defendant.

Bhandary's claims against Ghatak, Vindiola, Walsh, and Ahuwalia fail because none of these Defendants acted under color of state law. Ghatak is Bhandary's former spouse and a party to the state court proceedings. Am. Compl. at 2. The complaint does not allege that Ghatak acted under color of state law. Vindiola and Walsh are private lawyers, and "a lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983." *Polk Cnty. v. Dodson*, 454 U.S. 312, 318 (1981); *see also Simmons v. Sacramento Cnty. Super. Ct.*, 318 F.3d 1156, 1161 (9th Cir. 2003). Ahuwalia is a lawyer who "was appointed as Minor's Counsel" in the state court proceedings. Am. Compl. at 2. However, even a court-appointed lawyer does not act under color of state law for purposes of Section 1983. *Sutton v. Llewellyn*, 288 F. App'x 411, 412 (9th Cir. 2008) (holding that private attorney "did not act under color of state law, even though he was appointed by the court"); *Kirtley v. Rainey*, 326 F.3d 1088, 1091 (9th Cir. 2003) (affirming dismissal of Section 1983 against "a state-appointed guardian ad litem" because a guardian does not act "under color of state law).

2

As private actors, Ghatak, Vindiola, Walsh, and Ahuwalia may be liable for a conspiracy under Section 1983 only if Bhandary plausibly alleges "the existence of an agreement or meeting of the minds" to violate constitutional rights. *Crowe v. Cnty. of San Diego*, 608 F.3d 406, 440 (9th Cir. 2010) (quoting *Mendocino Env't Ctr. v. Mendocino Cnty.*, 192 F.3d 1283, 1301 (9th Cir. 1999)). Bhandary has not alleged any such agreement or meeting of the minds between private and state actors. Instead, Bhandary has offered only conclusory allegations that these Defendants acted "in concert" and "conspired with state actors." Am. Compl. at 3-4, 6. These allegations are insufficient.[1] *See Simmons*, 318 F.3d at 1161 ("Plaintiff's conclusory allegations that the lawyer was conspiring with state officers to deprive him of due process are insufficient."). Accordingly, Bhandary fails to state a Section 1983 claim against Ghatak, Vindiola, Walsh, and Ahuwalia.

Bhandary's Section 1983 claims against the Milpitas Police Department ("Milpitas PD") and the Santa Clara County District Attorney ("Santa Clara DA") also fail. Bhandary faults the Milpitas PD for its "systemic inaction" and for failing to adequately investigate her complaints. Am. Compl. at 2. But a police department's "cursory investigation" or failure to investigate is not a violation of Bhandary's civil rights. *Gomez v. Whitney*, 757 F.2d 1005, 1006 (9th Cir. 1985) (per curiam) (holding that police department's "inadequate investigation" and decision to not recommend criminal charges was insufficient to state a Section 1983 claim). Bhandary alleges that the Santa Clara DA "declined to prosecute criminal violations." Am. Compl. at 3. However, "a prosecutor is entitled to absolute immunity for the decision not to prosecute." *Roe v. City & Cnty. of S.F.*, 109 F.3d 578, 583 (9th Cir. 1997). Additionally, Bhandary's conclusory allegations that "both Milpitas PD and Santa Clara DA adopted a practice of prematurely closing reports and refusing to investigate," Am. Compl. at 7, are insufficient for municipal liability against either Defendant, *see Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978); *A.E. ex rel. Hernandez v. Cnty. of Tulare*, 666 F.3d 631, 636 (9th Cir. 2012).

---

[1] If anything, Bhandary's allegations undermine an inference of a conspiracy between the private and state actors. For example, the complaint alleges that Vindiola "altered" court orders "without judicial approval," and "misled [police department] and [district attorney] officials." Am. Compl. at 8, 11. These allegations suggest that the state actors were unaware of Vindiola's alleged misconduct.

3

1  Second, Bhandary asserts a claim under 42 U.S.C. § 1985(3), which provides a cause of action against conspiracies to deprive "equal protection of the laws." Among other elements, a Section 1985(3) claim requires a conspiracy, and "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' actions." *United Bhd. of Carpenters & Joiners of Am., Local 610, AFL-CIO v. Scott*, 463 U.S. 825, 835 (1983) (quoting *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971)). Here, Bhandary fails to plausibly allege a conspiracy for the reasons stated above, and she also fails to allege any racial or other class-based discriminatory animus. Given these pleading deficiencies, and the lack of a plausible Section 1983 claim, the Section 1985(3) claim must be dismissed as well. *See Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 930 (9th Cir. 2004) ("[T]o state a claim for conspiracy under § 1985, a plaintiff must first have a cognizable claim under § 1983.").

  For these reasons, Bhandary's complaint must be dismissed for failure to state a claim.

## II. DISMISSAL IS WITH PREJUDICE

  The Court concludes that the complaint should be dismissed with prejudice and without leave to amend. In making this determination, the Court considers factors such as "undue delay, bad faith or dilatory motive on the part of the [Plaintiff], repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). The Court also considers "the number of times the plaintiff has already been allowed to amend." *Schwartz v. Miller*, 153 F.4th 918, 932 (9th Cir. 2025).

  Here, the Court finds that dismissal without leave to amend is appropriate because amendment would be futile. Bhandary failed to cure pleading deficiencies after the Court previously granted leave to amend. *See* Order at 3-4 (granting leave to amend). This failure to cure pleading deficiencies indicates that further leave to amend would be futile. *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009), *as amended* (Feb. 10, 2009) (holding that failure to correct pleading deficiencies after dismissal is a "strong indication" that further amendment would be futile); *see also Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1133 (9th Cir. 2013) ("A district court's discretion to deny leave to amend is 'particularly broad' where the

4

plaintiff has previously amended." (quoting *Sisseton-Wahpeton Sioux Tribe v. United States*, 90 F.3d 351, 355 (9th Cir. 1996))).

The Court also finds that leave to amend would be futile because Bhandary's claims are legally deficient, and she has not asserted any other legal theory that could support a claim. *Kroessler v. CVS Health Corp.*, 977 F.3d 803, 815 (9th Cir. 2020) ("If no amendment would allow the complaint to withstand dismissal as a matter of law, courts consider amendment futile."); *Lamoon, Inc. v. Lamour Nail Prods., Inc.*, 373 F. App'x 795, 797 (9th Cir. 2010) (When a plaintiff's "claims have underlying legal deficiencies that cannot be cured, amendment would be futile."). Accordingly, the complaint is dismissed without leave to amend.

## III. CONCLUSION

For the foregoing reasons, the Court DISMISSES Bhandary's complaint without leave to amend for failure to state a claim.

**IT IS SO ORDERED.**

Dated: December 8, 2025

_____
Eumi K. Lee
United States District Judge